AMI and ALAU, Plaintiffs in Error, *vs.* W. C. PARKE, Defendant in Error.

JANUARY TERM, 1888.

APPLICATION FOR ORDER TO JOIN IN ERROR.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

Application for Writ of Error must be within six months from date of decision, not from date of notice of the decision.

Costs not allowed to Defendant in Error who had not brought the defect in time to the notice of the Justice to whom application was made.

OPINION OF THE COURT, BY PRESTON, J.

This case came up on an application for an order upon the defendant in error to join in error.

A preliminary motion was made on behalf of the defendant to quash the writ upon various grounds which it is not necessary for the Court to consider.

The petition for the writ was sworn to and filed on the 8th of November, alleging a decision and entry of judgment against the plaintiffs in error on the 9th day of May last.

Section 1157 of the Civil Code provides that "any person deeming himself aggrieved by the decision of a Police Justice, or of a Circuit Judge at Chambers, or of any Justice of the Supreme

Court, or by the verdict of a jury in any civil suit, may at any time before the execution thereon is fully satisfied, and within six months after the rendition of judgment, file with the Clerk of the Supreme Court his reasons for deeming himself aggrieved, assigning the causes of error in such decision or verdict."

Upon a review of the record sent up, it appears that Mr. Justice McCully rendered the decision complained of, on the 7th day of May last, and that judgment thereon was entered up the same day.

It is our opinion that the application for the writ was too late; the six months must be computed from the day the decision was rendered, and not, as suggested in behalf of the plaintiffs, from the day they received notice, consequently the writ was issued without authority, and by mistake, and must therefore be set aside.

As the defect should have been brought to the notice of the Chief Justice, by counsel for the defendant in error, upon the application for the writ, the costs of these proceedings will not be allowed him.

The writ is set aside without costs.

*Ashford & Ashford*, for plaintiffs in error.

*Whiting* and *Creighton*, for defendant in error.